IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Syneron Medical Ltd. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 12-CV-_____ |
| EndyMed Medical Ltd., and | ) |
| Eclipse Aesthetics, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR INFRINGEMENT

Plaintiff Syneron Medical Ltd. ("Syneron"), through counsel, alleges as follows:

### NATURE OF THE ACTION

1. This is an action for infringement under the patent laws of the United States, Title 35, United States Code.

### THE PARTIES

2. Plaintiff Syneron Medical Ltd. ("Syneron") is an Israeli corporation having a principal place of business at Tavor Building 4, P.O. Box 550 Yokneam Illit 20692, Israel.

3. On information and belief, EndyMed Medical Ltd. ("EndyMed") is an Israeli corporation having a principal place of business at 7 Bareket Street, North Industrial Park, Caesarea, Israel 30889.

4. On information and belief, Defendant Eclipse Aesthetics, LLC ("Eclipse") is a Texas Corporation having a principal place of business at 16850 Dallas Parkway, Dallas, TX 75248.

5. On information and belief, Defendant Eclipse is a United States representative of Defendant EndyMed, acting as an EndyMed sales agent in the United States.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

7. This Court has personal jurisdiction over EndyMed, as EndyMed conducts business in the State of Texas, including this judicial district, and derives benefits from the business and sale of EndyMed products offered for sale and sold in the State of Texas.

8. This Court has personal jurisdiction over Eclipse, as Eclipse is incorporated in the State of Texas and derives benefits from the business and sales of EndyMed products offered for sale and sold in and from the State of Texas, including this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). EndyMed and Eclipse have conducted business in the State of Texas and have committed acts of infringement arising out of their contacts in this judicial district.

## FACTUAL BACKGROUND

10. Syneron manufactures and sells various medical devices throughout the world, including devices that use electrodes to apply ablative energy to the skin.

11. EndyMed also manufactures, distributes, and/or sells medical devices at least in the United States, including medical devices that use electrodes to apply ablative energy to the skin.

12. Eclipse also manufactures, distributes, and/or sells medical devices at least in the United States, including medical devices that use electrodes to apply ablative energy to the skin.

13. Syneron seeks remedies from EndyMed's and Eclipse's infringement of U.S. Patent Nos. 6,148,232 ("the '232 patent") and 6,711,435 ("the '435 patent").

14. On information and belief, EndyMed and Eclipse have infringed and continue to infringe one or more claims of the '232 and '435 patents by engaging in acts that constitute infringement under 35 U.S.C. § 271, including, but not limited to, making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, one or more products, including, for example and without limitation, the EndyMed Pro and GLOW products with 3DEEP technology and the various handpieces used with those products, including, for example and without limitation, the EndyMed Pro system and Fractional Skin Resurfacing handpiece and the GLOW system and Fractional Skin Resurfacing handpiece ("the Accused Products").

## COUNT ONE:
## INFRINGEMENT OF U.S. PATENT NO. 6,148,232

15. Syneron realleges and incorporates by reference each of paragraphs 1-14 above, as if fully set forth herein.

16. On November 14, 2000, the United States Patent and Trademark Office ("PTO") duly and lawfully issued U.S. Patent No. 6,148,232 ("the '232 patent"), entitled "Transdermal Drug Delivery and Analyte Extraction." A true and correct copy of the '232 patent is attached here to as Exhibit A.

17. Syneron owns by assignment all rights, title, and interest of the '232 patent, including the right to bring this suit for injunctive relief and damages.

18. EndyMed and Eclipse have infringed and are infringing the '232 patent by making, using, selling, offering for sale, and/or importing, without authority, products covered by one or more claims of the '232 patent, including, but not limited to, some or all of the Accused Products.

19. EndyMed and Eclipse have contributed to and/or induced, and will continue to contribute to and/or induce, the infringement of the '232 patent by others in the United States by making, using, selling, offering for sale, and/or importing, without authority, products covered

by one or more claims of the '232 patent, including, but not limited to, some or all of the Accused Products.

20. Syneron has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless EndyMed's and Eclipse's infringement of the '232 patent is enjoined by this Court.

21. Syneron has been and continues to be damaged by EndyMed's and Eclipse's infringement of the '232 patent in an amount to be determined at trial.

22. Upon information and belief, EndyMed and Eclipse have received actual notice of their infringement of the '232 patent at least as of the filing date of the Complaint, if not earlier.

## COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 6,711,435

23. Syneron realleges and incorporates by reference each of paragraphs 1-22 above, as if fully set forth herein.

24. On March 24, 2004, the United States Patent and Trademark Office ("PTO") duly and lawfully issued U.S. Patent No. 6,711,435 ("the '435 patent"), entitled "Transdermal Drug Delivery and Analyte Extraction." A true and correct copy of the '435 patent is attached here to as Exhibit B.

25. Syneron owns by assignment all rights, title, and interest of the '435 patent, including the right to bring this suit for injunctive relief and damages.

26. EndyMed and Eclipse have infringed and are infringing the '435 patent by making, using, selling, offering for sale, and/or importing, without authority, products covered by one or more claims of the '435 patent, including, but not limited to, some or all of the Accused Products.

27. EndyMed and Eclipse have contributed to and/or induced, and will continue to contribute to and/or induce, the infringement of the '435 patent by others in the United States by making, using, selling, offering for sale, and/or importing, without authority, products covered

by one or more claims of the '435 patent, including, but not limited to, some or all of the Accused Products.

28. Syneron has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless EndyMed's and Eclipse's infringement of the '435 patent is enjoined by this Court.

29. Syneron has been and continues to be damaged by EndyMed's and Eclipse's infringement of the '435 patent in an amount to be determined at trial.

30. Upon information and belief, EndyMed and Eclipse have received actual notice of their infringement of the '435 patent at least as of the filing date of the Complaint, if not earlier.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Syneron demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Syneron respectfully requests the following relief:

A. the entry of judgment that EndyMed and Eclipse have infringed one or more claims of the '232 and '435 patents;

B. the entry of judgment that EndyMed's and Eclipse's infringement has been deliberate and willful;

C. a permanent injunction enjoining EndyMed, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, as well as Eclipse, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further infringement of the '232 and '435 patents;

D. the entry of judgment awarding Syneron compensatory damages for EndyMed's and Eclipse's infringement of the '232 and '435 patents;

  E. the entry of judgment awarding Syneron enhanced damages up to three times their amount pursuant to 35 U.S.C. § 284;

  F. the entry of judgment awarding Syneron reasonable attorney fees pursuant to 35 U.S.C. § 285;

  G. the entry of judgment awarding Syneron pre and post judgment interest on its damages, together with all costs and expenses;

  H. such other relief as this Court may deem just and proper.

Dated: October 12, 2012      Respectfully submitted,

*Of Counsel*:

Gerson Panitch
Parmanand Sharma
Cecilia Sanabria
gerson.panitch@finnegan.com
anand.sharma@finnegan.com
cecilia.sanabria@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

/*Vic Houston Henry*/
Vic Henry
TBN 09484250
vhhenry@hoaf.com
Lane Fletcher
TBN 07139300
lanefletcher@hoaf.com
Katherine Knight
TBN 10759900
kknight@hoaf.com

Henry Oddo Austin Fletcher, PC
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919
*Attorneys for Plaintiffs*
*Syneron Medical Ltd.*